J. & H. Goodwin, Ltd., Respondent, v. Carl I. Dingfelder and Another, Doing Business under the Firm Name and Style of Dingfelder & Balish, Appellants.

First Department, December 7, 1928.

*Harry Weinberger*, for the appellants.

*Neil P. Cullom* of counsel [*Henry W. Steingarten* with him on the brief], for the respondent.

Per Curiam. The defendants appeal from a judgment dismissing their counterclaim for breach of warranty of the quality of onions.

Upon a former appeal this court held that the contract relied upon was oral and that an invoice subsequently rendered was not an integrating document. (223 App. Div. 742.) Evidence was given on the present trial of the conversation resulting in the oral contract and warranty. The testimony of one of the defendants as to this conversation was: " I will give that price providing the goods are equal to Crown Hellman brand on the previous steamers, and if the other marks, the outside mark beside the Crown Hellman brand are not

as equal to the other steamers, what will you then do? " To this the salesman is claimed to have replied: " I will make the price right, to your satisfaction as well as mine." It is further testified that he said: " In the event of any of the outside marks not being equal to the Crown Hellman, they would make an adjustment." There was thus evidence from which a jury would have been entitled to find an oral warranty, coupled with evidence of a breach of the warranty and of the damages resulting therefrom.

It is sought to justify the dismissal of the counterclaim on the ground that there is no authority shown in the salesman to make the contract of warranty. It is urged that the warranty is an unusual and unreasonable one, in that it is alleged in the answer the allowance was to be " in a fair amount satisfactory to the buyer," and that this was in effect a claim that the buyer was to determine the amount of the allowance. The somewhat inartificial language of the complaint should not be so technically construed. The language of the warranty as testified to was that it was to be in an amount satisfactory to the buyer and the seller, and a fair interpretation of the complaint and the testimony alike is that the allowance was to be a reasonable one. The salesman's authority was at least a question of fact for the jury.

Under our previous ruling we hold that it was error to dismiss the counterclaim. The judgment and order appealed from should, therefore, be reversed and a new trial ordered, with costs to the appellants to abide the event.

Present — DOWLING, P. J., MERRELL, FINCH, McAVOY and PROSKAUER, JJ.

Judgment and order reversed and a new trial ordered, with costs to the appellants to abide the event.